# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOHNNY LEE NICHOLS                                                                      PLAINTIFF
ADC# 115100

V.                          Case No. 5:15-cv-00211 KGB/BD

SHARON MCGLOTHIN, *et al.*                                                          DEFENDANTS

## ORDER

The Court has received a Recommended Disposition ("Recommendation") from Magistrate Judge Beth Deere (Dkt. No. 9).  Plaintiff Johnny Lee Nichols filed timely objections (Dkt. No. 10).  After careful review of the Recommendation and Mr. Nichols's objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects (Dkt. No. 9).

On July 2, 2015, Mr. Nichols filed his complaint in this action, (Dkt. No. 2) along with a motion to proceed *in forma pauperis* (Dkt. No. 1).  Mr. Nichols was incarcerated in the Varner Unit of the Arkansas Department of Correction at the time he filed his complaint (Dkt. No. 1, at 1), and he remains so today.  On July 7, 2015, Magistrate Judge Deere entered an initial order denying Mr. Nichols's *in forma pauperis* application and directing Mr. Nichols to pay the filing fee in full within 30 days (Dkt. No. 4).  The initial order cautioned Mr. Nichols that failure to pay the filing fee within the prescribed time would result in dismissal of his case.  Mr. Nichols failed to pay the filing fee within 30

days, and on August 14, 2015, Magistrate Judge Deere issued the Recommendation to dismiss without prejudice this case (Dkt. No. 9).

Magistrate Judge Deere determined that Mr. Nichols does not qualify for *in forma pauperis* status under the "three strikes" provision of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Mr. Nichols is not claiming in this case that he is under imminent danger of serious physical injury, so he also does not qualify for *in forma pauperis* status through any exception to the three strikes provision. *Id.*

Mr. Nichols does not contest that he has accumulated three strikes under § 1915(g). Instead, he claims in his objections that dismissal of his case violates his constitutional rights (Dkt. No. 10). However, it is clearly established that 28 U.S.C. § 1915(g) is constitutional. *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("Seven courts of appeals have considered constitutional objections to § 1915(g). These arguments have been based on the due process right of access to the courts, the equal protection clause, the ex post facto clause, the first amendment right to petition for redress of grievances, and several others. None has succeeded. All seven decisions have held that § 1915(g) is constitutional."). Dismissal of Mr. Nichols's complaint for failure to pay the required filing fee is appropriate.

The Court dismisses without prejudice Mr. Nichols's lawsuit.

IT IS SO ORDERED, this 2nd day of September, 2015.

_____
Kristine G. Baker
United States District Judge